WITIE FRIED, APPELLEE, v. ZALMON M. ELLIS, APPELLANT.

FILED JANUARY 31, 1920. No. 20654.

Appeal: INSTRUCTION: HARMLESS ERROR. Where under the evidence it appears that appellant was not injured by an erroneous instruction, the giving of such instruction is error without prejudice.

APPEAL from the district court for Douglas county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*W. W. Slabaugh* and *Lloyd A. Magney,* for appellant.

*Ringer, Bednar & King, contra.*

DEAN, J.

The plaintiff, Mrs. Fried, conducts a grocery store at Omaha. She was arrested and fined $10 in justice court

for a violation of the pure food law. She did not pay the fine at the time it was imposed, but was permitted to return to her place of business. Subsequently, upon her neglect and refusal to pay, the court issued a *mittimus* under which she was arrested by defendant, as constable, and given into the custody of the jailer. This action was brought by Mrs. Fried to recover $5,000 damages for injuries sustained by her, as alleged, that resulted from the use of unreasonable and excessive force by defendant in making the arrest. She recovered a verdict and judgment for $750, and defendant appealed.

Defendant complains because the court instructed the jury that plaintiff would be entitled to recover such damages as were the proximate result of the force employed by defendant, unless the defendant satisfied the jury "by a preponderance of the evidence that he used no more force against plaintiff than was reasonably necessary to enable him to take her into custody and to remove her to the county jail." We do not think the instruction was prejudicially erroneous in view of the jury's special finding that the defendant did "use greater force than was reasonably necessary, under the circumstances disclosed by the evidence, to enable him to take plaintiff into custody and remove her to the county jail." The rule is that, where a special finding by a jury shows that a party was not injured by an erroneous instruction, the giving of such instruction is not prejudicial error. 38 Cyc. 1815. We conclude that defendant's argument cannot be upheld.

Instruction numbered 3 is assailed by defendant. He says: "This instruction does not limit plaintiff's recovery to those damages which she sustained by reason of the excessive force, if any, used by the defendant, but makes it the duty of the jury to impose upon defendant the responsibility for all of her damages, even though it be apparent from the evidence that only a very small part of them were due to the excessive force, and a much larger part to her own frantic resistance, for which the

officer should not be held and is not legally responsible.'' Defendant did not request an instruction containing the limitation that he now invokes. The instruction as a whole limits the plaintiff to compensation for actual damages only and to such sum as will fully and fairly, but not excessively, compensate her therefor. In view of the jury's special finding that is herein noted, the presumption is that the verdict was based on damages sustained as a result of the use of unreasonable and excessive force. The special finding of the jury is abundantly supported by the evidence. The instruction complained of on burden of proof was not prejudicial in this case. We do not find prejudicial error.

The judgment is therefore

AFFIRMED.